COMMONWEALTH *vs.* JOSEPH LOGUE.

Middlesex.    January 29, 1894. — February 28, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Indictment — Officer of Corporation — Proof of Acts as such Officer.*

An averment in an indictment for embezzlement, under Pub. Sts. c. 203, § 40, that the defendant at a time and place named was "then and there an officer, to wit, the financial secretary" of a certain corporation, is sustained by proof that he acted, and was duly elected and installed, as such officer; and it is immaterial whether or not he gave a bond for the faithful discharge of his duties, as required by the laws of the corporation.

INDICTMENT, under Pub. Sts. c. 203, § 40, in three counts, alleging in each count that the defendant, on January 1, 1892, July 1, 1892, and January 1, 1893, respectively, at Lowell, " being then and there an officer, to wit, the financial secretary of Court General Shields, Ancient Order of Foresters," embezzled and fraudulently converted to his own use certain sums of money belonging to the corporation. Trial in the Superior Court, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

The rules and by-laws of the corporation were introduced in evidence, from which it appeared that it was the duty of the financial secretary to receive, at each meeting, all moneys from members " in behalf of the Court and Endowment Fund," and at the end of each meeting to " pay over all moneys (except endowment assessments) received to the treasurer "; and the general laws of the " Grand Court," which embraced this and several other similar corporations, and to the laws of which they were subject, were also introduced in evidence, from which it appeared that the financial secretary was required to "give a bond for the faithful performance of his duties in a sum of not less than one hundred dollars."

There was conflicting evidence as to the filing and delivery of a bond by the defendant for the year 1892. As to the time from January 1 to July 1, 1893, it was conceded by the government that no bond whatever had been filed by the defendant with the corporation.

It was admitted by the defendant that he had acted as financial secretary from January 1, 1892, to April 13, 1893, inclusive; and that he was duly elected and installed as such in each of those years; and the government did not contend that he had acted as such financial secretary after April 13, 1893.

It also appeared in evidence that the defendant, as such officer, received certain money paid to him by the members as dues to the corporation; and that he fraudulently converted a part of the money so received by him to his own use during the time covered by each of the counts.

The defendant objected to the admission of any evidence covering the period included in the third count, on the ground that he had not been duly qualified by giving a bond, and

was not therefore the financial secretary of the corporation, as alleged in that count, during the time covered thereby.

The judge declined so to rule, and admitted the evidence; and the defendant excepted.

The defendant also asked the judge to rule that, unless the jury were satisfied that a bond had been given by the defendant for the year 1892, as required by the laws of the corporation, they could not find the defendant guilty under either the first or the second count. The judge refused so to rule, and ruled that the defendant, having been elected and installed, and having acted as financial secretary of the corporation during the time alleged in those counts, in accordance with the by-laws of the corporation, and having received the money of the corporation from its members by virtue of the office, would be liable if he embezzled or fraudulently converted to his own use the moneys so received by him as such financial secretary of the corporation, as alleged in the indictment; and the defendant excepted.

The jury returned a verdict of guilty on each count, no special finding having been directed; and the defendant alleged exceptions.

*J. H. Morrison*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

ALLEN, J. The averment in each count of the indictment that the defendant, " being then and there an officer, to wit, the financial secretary," etc. of the corporation, was sufficiently proved by showing that he acted as such officer and was duly elected and installed as such; and it was immaterial whether or not he gave bond, as required by the laws of the corporation. *State* v. *Goss*, 69 Maine, 22. 1 Bish. Crim. Law, (8th ed.) § 464, 2, 3. 1 Russ. Crimes, (7th Am. ed.) 204, 212, 213.

*Exceptions overruled.*